# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ALAN N. VARA<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015,<br><br>MAIRA CRIBOS<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015,<br><br>ELIER MENDOZA<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015,<br><br>MARVIN A.A. SANCHEZ<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015,<br><br>MILTON MATUTE<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015,<br><br>ARYS OBED SOLANO<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015,<br><br>ALEJANDRA M. TORRES<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015,<br><br>JOSE ALEJANDRO MENDOZA<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015,<br><br>MIGUEL A. CARDONA<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015,<br><br>and<br><br>ANA YANCI CENTENO MAJANO<br>c/o 5301 Wisconsin Avenue, NW, Suite 800<br>Washington, D.C. 20015,<br><br>            Plaintiffs, | Civil Action No. _____ |

|  |  |
|---|---|
| v. | ) |
|  | ) |
| SKANSKA USA BUILDING, INC. D/B/A SKANSKA, | ) |
| 389 Interpace Pkwy Ste 5 | ) |
| Parsippany, NJ  07054 | ) |
|  | ) |
| Serve: | ) |
|  | ) |
|     SKANSKA USA BUILDING, INC. | ) |
|     c/o Corporation Service Company | ) |
|     100 Shockoe Slip Fl 2 | ) |
|     Richmond, VA, 23219 | ) |
|  | ) |
| BROTHER'S MECHANICAL, INC., | ) |
| 8394 Terminal Road – Unit A | ) |
| Lorton, Virginia 22079 | ) |
|  | ) |
| Serve: | ) |
|  | ) |
|     BROTHER'S MECHANICAL, INC. | ) |
|     c/o Corporation Service Company | ) |
|     100 Shockoe Slip Fl 2 | ) |
|     Richmond, VA, 23219 | ) |
|  | ) |
| DAYCJ PLUMBING & MECHANICAL INC., | ) |
| PO Box 8 | ) |
| 12035 Liberty Road | ) |
| Libertytown, MD 21762 | ) |
|  | ) |
| Serve: | ) |
|  | ) |
|     DayCJ Plumbing & Mechanical Inc. | ) |
|     c/o Anthony E. Cooch Jr., | ) |
|         Registered Agent | ) |
|     12701 Fair Lakes Cir. – Suite 370 | ) |
|     Fairfax, VA 22033 | ) |
|  | ) |
| EDGAR JIMENEZ, | ) |
| 22421 Goshen School Road | ) |
| Laytonsville, MD  20882 | ) |
|  | ) |
|                 Defendants. | ) |

## COMPLAINT

Plaintiffs, Alan N. Vara, Maira Cribos, Elier Mendoz, Marvin A.A. Sanchez, Milton Matute, Arys Obed Solano, Alejandra M. Torres, Jose Alejandro Mendoza, Miguel A. Cardona, and Ana Yanci Centeno Majano, (collectively "Plaintiffs"), by and through their undersigned counsel, O'Donoghue & O'Donoghue LLP, hereby bring suit against Defendants Skanska USA Building, Inc., doing business as Skanska, Brother's Mechanical, Inc., and DAYCJ Plumbing & Mechanical Inc. (collectively "Defendants") to recover damages under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 ("VWPA"), and the Virginia Overtime Wage Act, Va. Code § 40.1-29.2 ("VOWA"), effective July 1, 2021 to June 30, 2022, as set forth below.

## INTRODUCTION

1. This action arises from a construction contract between Skanska USA Building, Inc., doing business as Skanska, and Brother's Mechanical Inc. to perform plumbing and sheet metal work on a new construction project at the Scotts Run Commercial and Residential Complex in Tysons Corner, Virginia ("the Project"). Brother's Mechanical Inc. utilized DAYCJ Plumbing & Mechanical Inc. as a labor broker and/or subcontractor to provide labor to perform plumbing and sheet metal work on the Project.

2. As explained below, Defendants Brother's Mechanical Inc. and DAYCJ Plumbing & Mechanical Inc. failed to pay Plaintiffs for a substantial part of their work in violation of both Federal and Virginia law.

## PARTIES

3.      Plaintiffs are adult residents of the State of Maryland and the Commonwealth of Virginia.  While working on the Project, Plaintiffs were "engaged in commerce" within the meaning of the FLSA. Plaintiffs were also employees of Defendants Brother's Mechanical Inc., DAYCJ Plumbing & Mechanical Inc., and Edgar Jimenez within the meaning of the VWPA, the FLSA, and the VOWA.

4.      Defendant Skanska USA Building, Inc., doing business as Skanska ("Skanska"), is a Delaware limited liability company and a project development and construction group that provides an array of construction services in Virginia, the metropolitan Washington, D.C. area, and nationally.  Skanska regularly conducts business in Virginia.  Skanska's principal place of business is located at 389 Interpace Pkwy, Suite 5, Parsippany, New Jersey 07054.  Skanska's resident agent for service of process is Corporation Service Company, 100 Shockoe Slip, Floor 2, Richmond, Virginia 23219.

5.      Brother's Mechanical, Inc. is a Virginia for-profit corporation that provides "design, installation, and service of multi-family industrial, commercial, high-rise, residential and institutional air conditions, heating, ventilation, plumbing and controls systems" in the metropolitan Washington, D.C. area, including Virginia.  Brother's Mechanical, Inc. regularly conducts business in Virginia.  Brother's Mechanical, Inc.'s principal place of business is located at 8394 Terminal Road – Unit A, Lorton, Virginia 22079.  Brother's Mechanical, Inc.'s resident

agent for service of process is Corporation Service Company, 1090 Vermont Avenue NW, Washington, DC 20005.

6. DAYCJ Plumbing & Mechanical Inc. ("DAYCJ Plumbing") is a District of Columbia limited liability company that provides plumbing services in the metropolitan Washington, D.C. area, including Virginia. DAYCJ Plumbing regularly conducts business in the Virginia. DAYCJ Plumbing's principal place of business is PO Box 8, 12035 Liberty Road, Libertytown, Maryland 21762. DAYCJ Plumbing's resident agent for service of process is Anthony E. Cooch Jr., 12701 Fair Lakes Cir. Ste. 370, Fairfax, Virginia 22033. Anthony E. Cooch Jr. is also the General Counsel for Defendant Brother's Mechanical, Inc.

7. At all relevant times, Edgar Jimenez was the President and, along with Anthony Cooch Jr. and Norma Flores, was identified as a corporate officer of DAYCJ Plumbing. Edgar Jimenez controlled the pay, scheduling, supervision, and hiring and firing of Plaintiffs.

8. At all times relevant to this Complaint, Skanska, Brother's Mechanical Inc., and DAYCJ Plumbing were enterprises engaged in commerce within the meaning of the FLSA. Upon information and belief, at all times relevant to this Complaint, the annual gross volume of business of Skanska, Brother's Mechanical Inc., and DAYCJ Plumbing exceeded $500,000. Additionally, Skanska, Brother's Mechanical Inc., DAYCJ Plumbing, and Edgar Jimenez employed employees that "engaged in commerce" within the meaning of the FLSA. Finally, employees of Skanska USA Building, Inc., d/b/a Skanska, Brother's Mechanical Inc., DAYCJ Plumbing & Mechanical

Inc., and Edgar Jimenez, handled, sold, or otherwise worked on goods and/or materials that had been moved in or produced for commerce Defendants.

9. At all times relevant to this Complaint, Plaintiffs completed 100% of their work for Defendants in the Commonwealth of Virginia.

## JURISDICTION

10. Plaintiffs are asserting causes of action that arise under the FLSA, the VWPA, and the VOWA.

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has subject matter jurisdiction pursuant to Section 1331 because Plaintiffs' claims arise under Federal law, and the Court has supplemental jurisdiction over the Plaintiffs' pendant state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## FACTUAL ALLEGATIONS

13. During the period of approximately November 1, 2021 through June 1, 2022, Plaintiffs performed plumbing and sheet metal work at a new construction project located at 1800 Chain Bridge Road, Tysons, Virginia 22102 called the Scotts Run Commercial and Residential Complex (the "Project") for the Defendants.

14. The Project is an eight million square foot (forty acre) mixed-use development.

15. At all times relevant to the Complaint, Defendants Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez were joint employers of Plaintiffs.

16.     At all times relevant to the Complaint, Defendant Skanska was a General Contractor with a contractual relationship with Defendants Brother's Mechanical, Inc. and DAYCJ Plumbing and is liable to the Plaintiffs for Defendants Brother's Mechanical, Inc.'s and DAYCJ Plumbing's failure to pay Plaintiffs wages and resultant damages.

17.     Throughout the time Plaintiffs performed work on the Project, Edgar Jimenez directed Plaintiffs' work and controlled Plaintiffs' schedule. Edgar Jimenez retained time records for the work performed by Plaintiffs and repeatedly promised to pay the Plaintiffs for their work if they continued to work on the Project.

18.     Throughout the time Plaintiffs performed work on the Project, Brother's Mechanical, Inc.'s representatives, including Jose Flores, Marlan Herrazle, Luis Bejareno, among others, were on the job site every day for the entire work-day, directing Plaintiffs' work, controlling Plaintiffs' schedule, and directing Plaintiffs to sign time sheets retained by Brother's Mechanical, Inc. that listed various Brother's Mechanical, Inc. representatives as a "supervisor/foreman." Brother's Mechanical, Inc. representatives also communicated directions to some of the Plaintiffs by text messages and through Brother's Mechanical, Inc.'s issued tablets. The Brother's Mechanical Inc. representatives often exerted ultimate control over the manner and means by which work was performed by the Plaintiffs. Brother's Mechanical, Inc.'s representatives directed the work of both Defendant Edgar Jimenez and the Plaintiffs' Project.

19.     Defendants Brother's Mechanical, Inc. and/or DAYCJ Plumbing established the wages that Plaintiffs were to be paid under the terms and conditions of their agreement.

20.     Defendants Brother's Mechanical, Inc. and/or DAYCJ Plumbing provided the equipment and material for the Project to Plaintiffs.

21. Brother's Mechanical, Inc. representatives, including managerial employees who identified themselves "Carlos," "Diego," "Ramon," and "Erich," communicated with various Plaintiffs and promised to pay the Plaintiffs for their work if they continued to work on the Project.

22. Norma Flores, of DAYCJ Plumbing, communicated with Noel Ayala, President of Brother's Mechanical, Inc., regarding payment of wages owed to the Plaintiffs.

23. Plaintiffs ceased working on the Project on or before June 1, 2022, after Defendants Brother's Mechanical, Inc. and/or DAYCJ Plumbing failed to pay the Plaintiffs for substantial work performed on the Project.

24. At all times relevant to the Complaint, each Plaintiff had an agreed upon wage-rate for each hour of work that they performed.

25. The information contained below about the hours worked by Plaintiffs and the weeks for which they did not receive any pay or adequate pay are estimates, and Plaintiffs reserve the right to amend the Complaint to correct or clarify these claims as additional facts become available.

26. Plaintiff Alan N. Vara was employed by the Defendants on the Project from on or about November 1, 2021 through May 21, 2022. His agreed upon hourly wage rate was $25.00 per hour. He regularly worked forty hours per week and occasionally worked in excess of forty hours per week. Regardless of the number of hours per week he worked, he was never paid more than $25.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 271.5 hours of work performed on the Project during the period of April 11, 2022 through May 21, 2022. Accordingly, he is owed back wages of $6,787.50, not including overtime for the entire period he worked on the Project, liquidated damages, or penalties.

27. Plaintiff Maira Cribos was employed by the Defendants on the Project from on or about October 1, 2021 through May 7, 2022. Her agreed upon hourly wage rate was $14.00 per hour. Defendants failed to pay her entirely for 144 hours of work performed on the Project during the period of April 11, 2022 through May 7, 2022. Accordingly, she is owed back wages of $2,016.00, not including liquidated damages or penalties.

28. Plaintiff Elier Mendoza was employed by the Defendants on the Project from on or about November 1, 2021 through May 21, 2022. His agreed upon hourly wage rate was $25.00 per hour. He regularly worked in excess of forty hours per week. Regardless of the number of hours per week he worked, he was never paid more than $25.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 306.5 hours of work performed on the Project during the period of April 11, 2022 through May 21, 2022. Accordingly, he is owed back wages of $7,662.50, not including overtime for the entire period he worked on the Project, liquidated damages, or penalties.

29. Plaintiff Martin A. A. Sanchez was employed by the Defendants on the Project from on or about March 1, 2022 through May 21, 2022. His agreed upon hourly wage rate was $20.00 per hour. He regularly worked in excess of forty hours per week. Regardless of the number of hours per week he worked, he was never paid more than $20.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek. Defendants failed to pay him entirely for 277 hours of work performed on the Project during the period of April 11, 2022 through May 21, 2022. Accordingly, he is owed back wages of $5,540.00, not including overtime for the entire period he worked on the Project, liquidated damages, or penalties.

30.     Plaintiff Milton Matute was employed by the Defendants on the Project from on or about December 1, 2021 through May 21, 2022.  His agreed upon hourly wage rate was $20.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $20.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him entirely for 285.5 hours of work performed on the Project during the period of April 11, 2022 through May 21, 2022.  Accordingly, he is owed back wages of $5,710.00, not including overtime for the entire period he worked on the Project, liquidated damages, or penalties.

31.     Plaintiff Arys Obed Solano was employed by the Defendants on the Project from on or about May 9, 2022 through May 14, 2022.  His agreed upon hourly wage rate was $22.00 per hour.  He regularly worked approximately forty hours per week for the Defendants on different construction projects.  Defendants failed to pay him entirely for 16 hours of work performed on the Project during the period of May 9, 2022 through May 14, 2022.  Accordingly, he is owed back wages of $352.00, not including liquidated damages or penalties.

32.     Plaintiff Alejandra M. Torres was employed by the Defendants on the Project from on or about May 9, 2022 through May 14, 2022.  Her agreed upon hourly wage rate was $13.00 per hour.  She regularly worked approximately forty hours per week for Defendants on different construction projects.  Defendants failed to pay her entirely for 16 hours of work performed on the Project during the period of May 9, 2022 through May 14, 2022.  Accordingly, she is owed back wages of $208.00, not including liquidated damages or penalties.

33.     Plaintiff Jose Alejandro Mendoza was employed by the Defendants on the Project from on or about November 1, 2021 through May 21, 2022.  His agreed upon hourly wage rate

was $20.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $20.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him entirely for 306.5 hours of work performed on the Project during the period of April 11, 2022 through May 21, 2022.  Accordingly, he is owed back wages of $6,130.00, not including overtime for the entire period he worked on the Project, liquidated damages, or penalties.

34.     Plaintiff Miguel A. Cardona was employed by the Defendants on the Project from on or about February 21, 2022 through April 29, 2022.  His agreed upon hourly wage rate was $25.00 per hour.  He regularly worked in excess of forty hours per week.  Regardless of the number of hours per week he worked, he was never paid more than $25.00 per hour – *i.e.,* he was never paid one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay him entirely for 366 hours of work performed on the Project during the period of February 21, 2022 through April 29, 2022.  Accordingly, he is owed back wages of $9.150.00, not including overtime for the entire period he worked on the Project, liquidated damages, or penalties.

35.     Plaintiff Ana Yanci Centeno Majano was employed by the Defendants on the Project from on or about December 1, 2021 through May 7, 2022.  Her agreed upon hourly wage rate was $13.00 per hour.  She regularly worked in excess of forty hours per week.  Regardless of the number of hours per week she worked, she was never paid more than $13.00 per hour – *i.e.,* she was never paid one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.  Defendants failed to pay her entirely for 145.5 hours of work performed on the Project during the period of April 11, 2022 through May 7, 2022.  Accordingly, she is owed

back wages of $1,891.50, not including overtime for the entire period she worked on the Project, liquidated damages, or penalties .

## COUNT I
## VIOLATIONS OF THE VWPA

36. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 35 as if fully set forth in Count I.

37. Plaintiffs were "employees" of Defendants Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez within the meaning of Va. Code Ann. § 40.1-29.

38. Defendants Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez were "employers" of Plaintiffs within the meaning of Va. Code Ann. § 40.1-29.

39. Defendant Skanska is a general contractor, as that term is used and defined in Va. Code Ann. § 11-4.6, and is jointly and severally liable to the Plaintiffs for the Defendants Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez's violations of the VWPA.

40. Based on information and belief, Defendant Skanska knew or should have known that Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez were not paying the Plaintiffs all wages due, the applicable construction contract governing work on the Project was not related to a single-family residential project, and the value of the Project, or an aggregate of projects under the contract, was greater than $500,000.00.

41. Defendants Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez employed Plaintiffs to perform work on the Project but failed to pay Plaintiffs at the agreed-upon rates in violation of the VWPA.

42. Defendants also failed to promptly pay Plaintiffs wages on regular payment dates as required by Va. Code Ann. § 40.1-29(A).  The VWPA provides that all employers operating a

business shall establish regular pay periods for employees, and all such employers must pay hourly employees at least once every two weeks or twice in each month.

43. Defendants failed to pay Plaintiffs "all wages earned" during certain pay periods in violation of Va. Code Ann. § 40.1-29(A).

44. Furthermore, upon an employee's termination of employment the, VWPA, Va. Code Ann. § 40.1-29(A), requires that an employer pay such employee's wages due for work performed prior thereto, no later than the date on which they would have been paid for such work had the employment not been terminated. Va. Code Ann. § 40.1-29(A).

45. All Plaintiffs completed their work on the Project no later than June 1, 2022, and all either quit or resigned by that date or prior to that date.

46. By failing to pay Plaintiffs their wages due not later than the next regular payday from the date of quitting or resigning, the Defendants failed to pay the Plaintiffs' wages due upon their discharge in violation of Va. Code Ann. § 40.1-29(A).

47. Based on information and belief, Defendants' failure and refusal to pay wages in accordance with the VWPA, Va. Code Ann. § 40.1-29, as set forth in this Count I, were "willful[] and with intent to defraud." Va. Code. Ann. § 40.1-29(E).

48. Pursuant to Va. Code Ann. § 40.1-29(J), Plaintiffs are entitled to receive their unpaid wages, an equal amount of liquidated damages, prejudgment interested, and attorneys' fees. Further, as Defendants' violation was "willful," Plaintiffs are entitled to a recovery of triple the amount of wages due and reasonable attorney fees and costs.

49. All Defendants are jointly and severally liable to the Plaintiffs for violations of the VWPA, including any "penalties, criminal and civil." Va. Code Ann. § 11-4.6(c).

50. Pursuant to the VWPA, Va. Code Ann. § 40.1-29, Plaintiffs seek the amount of their unpaid wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court.

## COUNT II
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA AND VOWA

51. Plaintiffs Alan N. Vara, Elier Mendoza, Marvin A. A. Sanchez, Milton Matute, Jose Alejandro Mendoza, Ana Yanci Centeno Majano, and Miguel A. Cardona hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 50 as if fully set forth in Count II.

52. Defendants Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez were "employers" of Plaintiffs Alan N. Vara, Elier Mendoza, Marvin A. A. Sanchez, Milton Matute, Jose Alejandro Mendoza, Ana Yanci Centeno Majano, and Miguel A. Cardona within the meaning of 29 U.S.C. § 203(d) and Va. Code Ann. § 40.1-29.2(A), effective July 1, 2021 to June 30, 2022.

53. Plaintiffs Alan N. Vara, Elier Mendoza, Marvin A. A. Sanchez, Milton Matute, Jose Alejandro Mendoza, Ana Yanci Centeno Majano, and Miguel A. Cardona were employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1) and Va. Code Ann. § 40.1-29.2(A), effective July 1, 2021 to June 30, 2022.

54. Defendants Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez were each an enterprise engaged in commerce and/or Plaintiffs Alan N. Vara, Elier Mendoza, Marvin A. A. Sanchez, Milton Matute, Jose Alejandro Mendoza, Ana Yanci Centeno Majano, and Miguel A. Cardona were engaged in commerce within the meaning of 29 U.S.C. §§ 203(s), 207(a), and 215(a).

55. Defendant Skanska is a general contractor, as that term is used in Va. Code Ann. § 11-4.6, and is jointly and severally liable to the Plaintiffs for the Defendants Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez's violations of the VOWA.

56. Based on information and belief, Defendant Skanska knew, or should have known, that Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez was not paying the Plaintiffs all wages due, the applicable construction contract governing work on the Project was not related to a single-family residential project, and the value of the Project, or an aggregate of projects under the contract, was greater than $500,000.00.

57. Defendants Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez violated the overtime provisions of 29 U.S.C. § 207 and Va. Code Ann. § 40.1-29.2(A), effective July 1, 2021 to June 30, 2022, by failing to pay Plaintiffs Alan N. Vara, Elier Mendoza, Marvin A. A. Sanchez, Milton Matute, Jose Alejandro Mendoza, Ana Yanci Centeno Majano, and Miguel A. Cardona at a rate not less than one and one-half times their regular hourly rate for each hour over forty hours worked in one or more individual workweeks.

58. Defendants knowingly, and willfully and/or negligently violated the VOWA and FLSA by failing to compensate Plaintiffs at the statutory rate for overtime hours.

59. Defendants Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez are jointly and severally liable to the Plaintiffs for the violations of the overtime provisions of the FLSA.

60. All Defendants are jointly and severally liable to the Plaintiffs for the violations of the overtime provisions of the VOWA pursuant to Va. Code Ann. § 11-4.6(B).

61. Pursuant to the FLSA, 29 U.S.C. § 216(b), and VOWA, Va. Code Ann. § 40.1-29.2(A), effective July 1, 2021 to June 30, 2022, and Va. Code Ann. § 40.1-29(J), Plaintiffs seek

their unpaid overtime wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court. Further, as Defendants' violation was a "knowing" one, Plaintiffs are entitled to recovery of triple damages.

## COUNT III
## VIOLATIONS OF THE PROMPT PAYMENT PROVISIONS OF FLSA

62. Plaintiffs restate and incorporate by reference the allegations set forth in paragraphs 1 through 61 as if fully set forth in Count III.

63. For certain weeks and certain hours worked by Plaintiffs, Defendants Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez did not promptly pay Plaintiffs' wages on regular payment dates as required by the FLSA. FLSA requires that wages be paid promptly on regular payment dates. Defendants violated FLSA by failing to pay wages promptly on regular payment dates for certain hours worked by Plaintiffs.

64. Defendants Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez are jointly and severally liable to the Plaintiffs for violations of the prompt payment provisions of the FLSA.

65. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs seek their unpaid wages, an additional equivalent amount of the unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court.

## COUNT IV
## VIOLATIONS OF THE MINIMUM WAGE PROVISIONS OF FLSA

66. Plaintiffs restate and incorporate by reference the allegations set forth in paragraphs 1 through 65 as if fully set forth in Count IV.

67. For certain weeks during their employment, Defendants' Brother's Mechanical, Inc., DAYCJ Plumbing, and Edgar Jimenez neither paid Plaintiffs the wages Defendants had agreed to pay nor pay the minimum wage required by law.

68. Section 6(a) of FLSA provides that "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at [certain specified] rates[.]" 29 U.S.C. § 206(a).

69. FLSA further requires that wages be paid promptly on regular payment dates.

70. Defendants violated FLSA by failing to pay minimum wages to Plaintiffs and failing to pay wages promptly on regular payment dates.

71. Defendants' failure to pay minimum wages and failure to pay wages promptly was done knowingly.

72. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiffs seek their unpaid wages, an additional equivalent amount of the unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiffs pray judgment on Counts I, II, III, and IV as follows:

a. That the Court find the Defendants Brother's Mechanical, Inc., DAYCJ Plumbing & Mechanical Inc., and Edgar Jimenez jointly and severally liable in the amount of unpaid wages, liquidated damages, reasonable counsel fees, and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the Virginia Wage Payment Act, VA Code Ann. § 40.1-29;

b. That the Court find the Defendant Skanska USA Building, Inc., doing business as Skanska, jointly and severally liable with Defendants Brother's Mechanical, Inc., DAYCJ Plumbing & Mechanical Inc., and Edgar Jimenez for the amount of unpaid wages, liquidated damages, reasonable counsel fees, and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 and § 11-4.6(C);

c. That the Court find the Defendants Brother's Mechanical, Inc., DAYCJ Plumbing & Mechanical Inc., and Edgar Jimenez jointly and severally liable in the amount of unpaid overtime wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and Virginia Overtime Wage Act, Va. Code Ann. § 40.1-29.2, effective July 1, 2021 to June 30, 2022;

d. That the Court find the Defendant Skanska USA Building, Inc., doing business as Skanska, jointly and severally liable with Defendants Brother's Mechanical, Inc., DAYCJ Plumbing & Mechanical Inc., and Edgar Jimenez for the amount of unpaid overtime wages, liquidated damages, reasonable counsel fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the Virginia Overtime Wage Act, Va. Code Ann. § 40.1-29.2, effective July 1, 2021 to June 30, 2022, and § 11-4.6(B).

e. That the Court find the Defendants Brother's Mechanical, Inc., DAYCJ Plumbing & Mechanical Inc., and Edgar Jimenez jointly and severally liable in the amount of unpaid wages, an additional equivalent amount of the unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed

  appropriate by the Court, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), for violating the prompt payment provision of the Fair Labor Standards Act;

f. That the Court find the Defendants Brother's Mechanical, Inc., DAYCJ Plumbing & Mechanical Inc., and Edgar Jimenez jointly and severally liable in the amount of unpaid wages, an additional equivalent amount of the unpaid wages as liquidated damages, reasonable attorneys' fees and costs, and such other and further relief as is deemed appropriate by the Court, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), for violating the minimum wage and prompt payment provisions of the Fair Labor Standards Act.

g. To enter judgment against the Defendants in the amount of reasonable attorneys' fees and costs incurred by the Plaintiffs in bringing this action;

h. For such further relief as the Court may deem appropriate.

Dated: October 18, 2022        Respectfully submitted,

                  s/ Jacob N. Szewczyk
                  Jacob N. Szewczyk, Bar No. 89617
                  Andrew Costa-Kelser*
                  Jacqueline Canzoneri*
                  **O'DONOGHUE & O'DONOGHUE LLP**
                  5301 Wisconsin Avenue NW, Suite 800
                  Washington, DC  20015
                  Telephone (202) 362-0041
                  jszewczyk@odonoghuelaw.com
                  akelser@odonoghuelaw.com
                  jcanzoneri@odonoghuelaw.com

                  *Pro Hac Vice pending*

                  *Counsel for Plaintiffs*