UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

_____
                                            )
ALAN N. VARA, et al.,                       )
                                            )
            Plaintiffs,                     )
                                            )
      v.                                    ) CIVIL ACTION NO. 1:22-cv-01180
                                            )                      MSN-IDD
SKANSKA USA BUILDING INC. D/B/A             )
SKANSKA, et al.,                            )
                                            )
            Defendants.                     )
_____)

# MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' JOINT MOTION FOR APPROVAL OF AN FLSA SETTLEMENT AGREEMENT

The Parties respectfully submit this Memorandum of Law in support of their Joint Motion to Approve a Settlement Agreement.

The Court's approval of the Settlement Agreement is appropriate because this case includes claims for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, among other claims. The Settlement Agreement resolves all claims in the lawsuit alleging that Defendants failed to pay straight time wages and overtime wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 ("VWPA"), and the Virginia Overtime Wage Act, Va. Code § 40.1-29.2 ("VOWA"). The Parties respectfully submit that the terms of the settlement, as memorialized in the Joint Stipulation of Settlement and Settlement Agreement ("Settlement Agreement") attached hereto as Exhibit 1, resolve bona fide disputes and are fair and reasonable, so that it satisfies the criteria for approval under Section 216(b) of the FLSA. For these reasons and as more fully explained below, the Parties request that the Court approve the Settlement Agreement in this case.

1

I. **FACTS AND PROCEDURAL HISTORY**

Plaintiffs filed the present action against Defendants on October 18, 2022. (Docket No. 1.) Plaintiffs assert causes of action against Defendants Skanska USA Building, Inc., d/b/a Skanska, Brother's Mechanical, Inc., DayCJ Plumbing & Mechanical, Inc., and Edgar Jimenez to recover unpaid wages and related damages under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 ("VWPA"), and the Virginia Overtime Wage Act, Va. Code § 40.1-29.2 ("VOWA"), for work performed by Plaintiffs at Scotts Run Commercial and Residential Complex in Tysons Corner, Virginia ("the Project").

All Plaintiffs alleged that Defendants failed to pay them straight time wages over the course of differing pay periods, and failed to pay all Plaintiffs (except Plaintiffs Alejandra Torres and Arys Solano) overtime wages for the entire time they worked on the Project:

- Plaintiff Vara alleged Defendants failed to pay him entirely for 271.5 hours of work performed on the Project, at an hourly rate of $25.00, and accordingly, was due back wages in the amount of $6,787.50, not including overtime for the entire period he worked on the Project, liquidated damages or penalties;

- Plaintiff Cribas alleged Defendants failed to pay her entirely for 144 hours of work performed on the Project, at an hourly rate of $14.00, and accordingly, was due back wages in the amount of $2,016.00, not including overtime for the entire period she worked on the Project, liquidated damages or penalties;

- Plaintiff Elier Mendoza alleged Defendants failed to pay him entirely for 306.5 hours of work performed on the Project, at an hourly rate of $25.00, and accordingly, was due back wages in the amount of $7,662.50, not including

2

overtime for the entire period he worked on the Project, liquidated damages or penalties;

- Plaintiff Marvin Alexis Sanchez alleged Defendants failed to pay him entirely for 277 hours of work performed on the Project, at an hourly rate of $20.00, and accordingly, was due back wages in the amount of $5,540.00, not including overtime for the entire period he worked on the Project, liquidated damages or penalties;

- Plaintiff Matute alleged Defendants failed to pay him entirely for 285.5 hours of work performed on the Project, at an hourly rate of $20.00, and accordingly, was due back wages in the amount of $5,710.00, not including overtime for the entire period he worked on the Project, liquidated damages or penalties;

- Plaintiff Solano alleged Defendants failed to pay him for 16 hours of work performed on the Project, at an hourly rate of $22.00, and accordingly, was due back wages in the amount of $352.00, not including liquidated damages or penalties;

- Plaintiff Torres alleged Defendants failed to pay her for 16 hours of work performed on the Project, at an hourly rate of $13.00, and accordingly, was due back wages in the amount of $208.00, not including liquidated damages or penalties;

- Plaintiff Jose Mendoza alleged Defendants failed to pay him entirely for 306.5 hours of work performed on the Project, at an hourly rate of $20.00, and accordingly, was due back wages in the amount of $6,130.00, not including overtime for the entire period he worked on the Project, liquidated damages or penalties;

- Plaintiff Cardona alleged Defendants failed to pay him entirely for 366 hours of work performed on the Project, at an hourly rate of $25.00, and accordingly, was due back wages in the amount of $9,150.00, not including overtime for the entire period he worked on the Project, liquidated damages or penalties; and

- Plaintiff Majano alleged Defendants failed to pay her entirely for 145.5 hours of work performed on the Project, at an hourly rate of $13.00, and accordingly, was due back wages in the amount of $1,891.50, not including overtime for the entire period she worked on the Project, liquidated damages or penalties.

Notably, Plaintiffs alleged that all Defendants were jointly and several liable to Plaintiffs for the damages owed.

On January 17, 2023, Defendant BMI presented the first settlement proposal. Thereafter, BMI and Plaintiffs exchanged multiple settlement offers and counteroffers. After about three months of negotiations, on April 6, 2023, the Parties agreed to settle the matter for $186,267.50 in damages to be paid solely by BMI to Plaintiffs. Over the following days, the Parties finalized the terms of the Settlement Agreement. Defendants DayCJ Plumbing & Mechanical, Inc. and Edgar Jimenez have not reached a settlement with Plaintiffs.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) permits the parties to stipulate dismissal "[s]ubject to . . . any applicable federal statute." The District Court for the Eastern District of Virginia has held that the FLSA requires court approval of the terms under which the parties may dismiss an FLSA claim with prejudice. *See, e.g.*, *Baust v. City of Virginia Beach*, 574 F. Supp. 3d 358, 363 (E.D. Va. 2021); *Hendrix v. Mobilelink Virginia, LLC*, No. 2:16CV394, 2017 WL 2438067, at *1 (E.D. Va. May 26, 2017); *Carr v. Rest Inn, Inc.*, No. 2:14cv609, 2015 WL 5177600,

at *2 (E.D. Va. Sept. 3, 2015); *Baker v. Dolgencorp, Inc.* 818 F. Supp. 2d 940, 941 (E.D. Va. 2011). Thus, the only way that an employee may compromise FLSA back wage or liquidated damage claims is through a "stipulated judgment entered by a court which has determined that a settlement . . . is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08CV1310(AJT/JFA), 2009 WL 3094955, at *8 (E.D. Va. Sept. 28, 2009) (quoting *Lynn's Food Stores v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982)).

Therefore, a district court must first assess whether there are FLSA issues actually in dispute. *Hendrix*, 2017 WL 2438067, at *1. Next, the district court must determine whether the settlement is a fair and reasonable compromise over the issues. *Id.*

### A. The Settlement Agreement Resolves a Bona Fide Dispute.

The court must determine whether the proposed Settlement Agreement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Baust*, 574 F. Supp. at 363 (internal quotes omitted). As this Court has explained, "[i]n the context of unpaid-overtime clams brought under the FLSA, a bona fide dispute exits when an employee makes a claim that he or she is entitled to overtime payment." *Baust*, 574 F. Supp. at 365. A companion conclusion is that a bona fide dispute also exists when an employee makes a claim for straight time wages, since both overtime and straight time wage determinations require "a resolution of the number of hours worked or the amount due." *Id.* (quoting *Lomascolo*, 2009 WL 3094955, at *16).

In the instant matter, there is a bona fide dispute as to the amount of straight time and overtime wages owed to the Plaintiffs, and the number of hours they each worked at the Project. Similarly, Defendant BMI disputes that it is Plaintiffs' "employer" under the FLSA, and ultimately denies liability for all claims. These disputes would have undoubtedly been submitted for resolution at summary judgment.

The Settlement Agreement resolves these contested issues, and the Plaintiffs are not merely waiving their FLSA rights.  Plaintiffs are releasing claims of value in exchange for a settlement payment that maximizes the unpaid wages and liquidated damages the Plaintiffs are entitled to under the FLSA.  For these reasons, the Settlement Agreement resolves a bona fide dispute.

### B. The Settlement Agreement is a Fair and Reasonable Resolution.

Next, the Court must consider whether the Settlement Agreement is a "fair and reasonable" resolution of the dispute.  "In doing so, the court keeps in mind the strong presumption in favor of finding a settlement fair."  *Baust*, 574 F. Supp. at 365.  Further, "[a] court is entitled to rely on the judgment of experienced counsel for the parties in performing this balancing task and absent fraud, collusion or the like, a court should be hesitant to substitute its own judgment for that of counsel."  *Lomascolo*, 2009 WL 3094955, at *10 (citing *Flinn v. FMC Corp.*, 528 F.2d 1169, 1172 (4th Cir. 1975)).

In *Baust*, this Court announced six factors to be weighed in making a fairness determination: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement recovery in relation to potential recovery.  *Baust*, 574 F. Supp at 363.

Here, each factor weighs in favor of a finding that the Parties' Settlement Agreement is fair and reasonable, and each factor is addressed in turn below.

**(1) Factor 1: Extent of Discovery that Has Taken Place.**

The Parties filed their Proposed Joint Discovery Plan (Docket No. 25) on March 1, 2023, in accordance with the Initial Scheduling Order (Docket No. 24).  According to the Proposed Joint Discovery Plan, Rule 26(a) Initial Disclosures were due April 1, 2023, and formal discovery was

scheduled to conclude by July 14, 2023. *See* Dkt. No. 25. At this point, no party has issued discovery requests, likely due to the ongoing (and promising) negotiations amongst the Parties to resolve the matter. However, Plaintiffs and BMI have informally exchanged discovery, namely copies of timesheets that demonstrate the days and hours each Plaintiff worked on the Project. Plaintiffs' Rule 26(a) Initial Disclosure also identified key personnel employed by Defendants who possibly have knowledge of facts to substantiate the claims underlying this lawsuit. Taken together, these exchanges, albeit limited, have "enabled the parties to narrow the issues in the case and adequately assess the likelihood of success at trial." *Baust*, 574 F. Supp. 3d at 365. Thus, this factor weighs in favor of the Court's approval of the Settlement Agreement.

### (2) Factor 2: Stage of the Proceeding, Including the Complexity, Expense and Likely Duration of the Litigation.

The proceedings are still in the preliminary stages. However, the District Court is compelled to find that a settlement is fair and reasonable, even when proceedings are in their preliminary stages because settlement at this juncture conserves the resources of the Parties and the Court. *Brockman v. Keystone Newport News, LLC*, No. 4:15-CV-74, 2018 WL 4956514, at *3 (E.D. Va. Oct. 12, 2018). Indeed, the Settlement Agreement resolves the claims underlying this lawsuit, which obviates the need for further involvement with the judicial system. Therefore, the Court should find that this factor weighs in favor that the Settlement Agreement is fair and reasonable.

### (3) Factor 3: Fraud or Collusion in the Settlement.

There is presumptively no fraud or collusion between the parties "in absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12. Here, there is no evidence indicating fraud or collusion occurred in reaching a settlement. Additionally, the first settlement proposal was presented on January 17, 2023. Since then, the Parties have exchanged multiple

7

offers and counteroffers, and engaged in meaningful settlement discussion. *Davis v. BT Americas Inc.*, No. 2:16CV206, 2017 WL 11506967, at *4 (E.D. Va. May 10, 2017) (finding arm's length negotiation suggests a fair and reasonable settlement). Notably, the settlement negotiations occurred only after appropriate investigation of the claims and defenses available to the Parties. Accordingly, this factor also weighs in favor of a finding that the Settlement Agreement is fair and reasonable.

**(4) Factor 4: Experience of Counsel Who Have Represented Plaintiffs.**

From the outset, the Parties have been represented by Counsel, all of whom have experience in prosecuting and defending wage-and-hour actions. Specifically, Plaintiffs are represented by multiple attorneys with O'Donoghue & O'Donoghue LLP, which is a labor, employment, and employee benefits law firm. Plaintiffs' lead counsel, Andrew Costa-Kelser, is a partner with the firm and has over ten years of civil litigation experience, with a particular focus on wage theft and FLSA cases. Furthermore, Plaintiffs' Counsel is currently serving as counsel in multiple other wage theft and FLSA cases against other defendants, including Defendant BMI, in other districts. *See, e.g., Baust*, 574 F. Supp. at 366 (stating the fact legal counsel in the instant matter had other pending FLSA lawsuits weighed in favor of satisfying the "attorney experience" factor).

Therefore, the "attorney experience" factor also weighs in favor of a finding that the Settlement Agreement is fair and reasonable.

**(5) Factors 5 & 6: Probability of Plaintiffs' Success on the Merits & Amount of the Settlement in Relation to the Potential Recovery.**

In this case, Counsel for all Parties believe in the merits of their clients' positions, but nonetheless recognize that litigation involves uncertainty in terms of duration, cost, result, and post-judgment collection. For example, Plaintiffs will incur significant out-of-pocket costs

litigating this case against four different Defendants, and each Defendant's liability is uncertain. Furthermore, Defendants raised affirmative defenses to Plaintiffs' claims and the outcome of such defenses is uncertain. Finally, even if Plaintiffs prevail on their claims against Defendants, it may take months, if not years, to obtain a judgment, and post-judgment collection is uncertain. In light of the uncertainty surrounding continued litigation of this case, the certainty offered by the Settlement Agreement favors the Court's approval at this time. *See, e.g.*, *Baust*, 574 F. Supp. 3d at 367 ("Given the uncertainty of any recovery should the matter proceed to a jury trial , the direct payment Plaintiffs will receive . . . factors five and six favor settlement approval.").

With respect to the amount of settlement, Plaintiffs' Counsel estimates that the settlement amount contemplates eighty-two percent of the statutory damages and penalties owed pursuant to Virginia law.[1] For purposes of calculating damages owed to Plaintiffs, Defendants deferred to Plaintiffs' allegations in the Complaint and did not supply any timesheets of their own to contest Plaintiffs' calculations. Specifically, Plaintiffs opine that the total damages owed to Plaintiffs under Virginia law is $226,172.50.[2]

Ultimately, the Parties agreed that BMI shall pay a total of $186,267.50 to resolve Plaintiffs' claims. The $186,267.50 settlement amount includes: 1) $39,905.00 in unpaid straight time wages, as applicable; 2) $33,276.25 in unpaid overtime wages; 3) $79,810.00 in liquidated damages constituting double damages of the unpaid straight time wage amount, pursuant to the

---

[1] The Parties' settlement amount is calculated pursuant to the VWPA and VOWA, not the FLSA, since the remedies provided under Virginia law are more favorable. The settlement amount exceeds the maximum amount the Plaintiffs would receive under the FLSA.

[2] The $226,172.50 figure amount includes: 1) $39,905.00 in unpaid straight time wages, as applicable; 2) $33,276.25 in unpaid overtime wages; 3) $119,715.00 in liquidated damages constituting treble damages of the unpaid straight time wage amount, pursuant to the VWPA; and 4) $33,276.25 in liquidated damages constituting damages equal to the amount of the unpaid overtime wage amount, pursuant to the VOWA.

VWPA; and 4) $33,276.25 in liquidated damages constituting damages equal to the amount of the unpaid overtime wage amount, pursuant to the VOWA.

Notably, through this settlement, Plaintiffs are receiving complete payment of the straight time and overtime wages owed, and the amount of the recovery exceeds the maximum amount they would receive under the FLSA. The extent liquidated damages are recoverable under Virginia law hinges on, among other things, whether the Defendants' alleged violations were willful, as alleged by Plaintiffs. Furthermore, the Plaintiffs can, and will, continue to pursue the remaining Defendants, DayCJ Plumbing and Edgar Jimenez, for additional sums. Thus, in light of the potential recovery of zero if the matter proceeds through litigation, the Settlement Agreement guarantees prompt payment to Plaintiffs in an amount that exceeds the maximum amount they would receive under the FLSA, and contemplated nearly the full scope of what they *may* be entitled to under state law. Thus, these factors weigh in favor of a finding that the Settlement Agreement is fair and reasonable.

### III.   CONCLUSION

Having weighed the above factors and keeping in mind the overriding public interest in favor of settlement, as well as the strong presumption in favor of finding a settlement fair, the Parties respectfully request the Court approve the Parties' Joint Motion for Approval of a Settlement Agreement.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  April 20, 2023 | s/ Jacob Szewczyk<br>Jacob N. Szewczyk (Bar No. 89617)<br>Andrew Costa-Kelser, *Pro Hac Vice*<br>Jacqueline C. Canzoneri, *Pro Hac Vice*<br>**O'DONOGHUE & O'DONOGHUE LLP**<br>5301 Wisconsin Avenue NW, Suite 800<br>Washington, DC 20015<br>Telephone (202) 362-0041<br>jszewczyk@odonoghuelaw.com<br>akelser@odonoghuelaw.com<br>jcanzoneri@odonoghuelaw.com<br><br>*Counsel for Plaintiffs*<br><br>Brian R. Dugdale (Va. Bar 72907)<br>Thomas S. O'Leary (Va. Bar 90955)<br>**Varela, Lee, Metz, & Guarino LLP**<br>2600 Tysons Blvd., Suite 900<br>Tysons Corner, VA 22102<br>Telephone (703) 454-0180<br>bdugdale@vlmglaw.com<br>toleary@vlmglaw.com<br><br>*Counsel for Defendant Skanska USA Building d/b/a Skanska*<br><br>Anthony E. Cooch, Jr. (VSB #48186)<br>9394 Terminal Road, Suite A<br>Lorton, VA 22079<br>Telephone: (703) 942-9888<br>anthonyc@brothersmechanical.com<br><br>*Counsel for Defendant Brother's Mechanical, Inc.* |