UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

|  |  |
|---|---|
| ALAN N. VARA, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 1:22-cv-01180 |
|  | ) MSN-IDD |
| SKANSKA USA BUILDING INC. D/B/A SKANSKA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO SHOW CAUSE

For the second time in two months, Defendants DayCJ Plumbing & Mechanical Inc. and Edgar Jimenez ("Defendants") failed to comply with lawful subpoenas to appear for depositions, which were issued by Plaintiffs in accordance with this Court's July 28, 2023 Order. (Dkt. No. 46). Thus, Defendants have failed to comply with an Order from this Court directing Defendants to appear for properly noticed depositions scheduled for no later than August 11, 2023. (*Id.*) Accordingly, Plaintiffs respectfully request that the Court issue an order requiring Defendants to show cause why it should not be held in contempt of Court and, thereafter, enter Default Judgment against the Defendants as set forth in greater detail below.

### I.   PROCEDURAL BACKGROUND

The Court is familiar with the procedural and factual background for this case, as it has been presented in recent papers before the Court. (*See* Dkt. No. 35). Accordingly, the following provides only a brief summary of the facts pertinent to this Motion for Show Cause.

At this point in the litigation, DayCJ Plumbing and Mechanical Inc. ("DayCJ") and Edgar Jimenez (the owner and President of DayCJ) (collectively, the "Defendants") are the only

defendants remaining in this lawsuit.[1] However, the Defendants have entirely stonewalled Plaintiffs' discovery requests. Edgar Jimenez has failed entirely to respond to written discovery, and DayCJ failed to respond to written interrogatories and requests for production of documents. Further, after the Defendants failed to appear at properly scheduled depositions, on July 28, 2023, this Court granted Plaintiffs' Motion to Compel and for Sanctions ("Order").[2] (Dkt. No. 46). Pursuant to the Order, "Defendants ha[d] until August 11, 2023 to attend any properly noticed depositions" and ha[d] until August 2, 2023 to respond to the Order. (*Id.*). The Order also set a Show Cause Hearing for August 4, 2023 at 10:00 a.m. for Defendants' failure to respond to the Court's July 18, 2023 Order requiring corporate Defendant DayCJ to obtain counsel and Defendant Jimenez to notify the Court of his intent to proceed *pro se* or obtain counsel. (*Id.*).

On July 28, 2023, the same day the Court issued the Order, Plaintiffs gave a private service processor the Notices of Depositions and Subpoenas to Testify and Produce Documents for Edgar Jimenez and Norma Flores, as corporate representative for DayCJ, and a Notice of Deposition and Subpoenas to Testify for Edgar Jimenez in his personal capacity as a defendant in this case ("Notices"), scheduled for August 11, 2023 at 9:00 a.m. (Norma Flores, as Chief Administrative Officer of DayCJ), 10:00 a.m. (Edgar Jimenez, as President of DayCJ), and 11:00 a.m. (Edgar Jimenez, personally).[3] The Notices also included a courtesy copy of the Court's July 28, 2023 Order, Docket No. 46. Attached hereto as <u>Exhibit 1</u> is a copy of the Notices, which were provided to the service processor. Plaintiffs also mailed the Notices to DayCJ and Edgar Jimenez at the

---

[1] After filing the lawsuit, Defendants Skanska and BMI agreed to settle the matter, with respect to Plaintiffs' claims against Skanska and BMI only, and the resulting settlement agreements were approved by this Court approved on June 7, 2023. (Docket No. 32). Accordingly, this Court dismissed Plaintiffs' claims against Defendants Skanska and Brother's Mechanical Inc. (Docket Nos. 32, 39).
[2] The basis for Plaintiffs' Motion to Compel and for Sanctions was that DayCJ's corporate representatives failed to appear for properly noticed depositions scheduled for June 8, 2023 and June 9, 2023.

addresses provided to the Court and Plaintiffs by the Defendants prior counsel, and e-mailed the Notices to DayCJ, Norma Flores, and Edgar Jimenez.

On August 2, 2023, Plaintiffs received a notification that Edgar Jimenez (via email address ejimenez@daycjplumbing.com) opened Plaintiffs' email on August 2, 2023 at 6:16 p.m. (Dkt. No. 48). Thereafter, Jimenez and Flores were served by private process server with the depositions on August 4, 2023. Attached hereto as Exhibit 2 are the Affidavit of Services as to Edgar Jimenez and Norma Flores. Significantly, Defendants failed to: 1) respond to Plaintiffs' email; 2) contact Plaintiffs after receiving the subpoenas by email and in person service; 3) oppose the Court's Order by the August 2 deadline; and 4) appear for a hearing scheduled by the Court for August 4.

Today, August 11, Defendants did not appear for the properly noticed depositions. *See* Exhibit 3 at ¶ 6, Declaration of Jacqueline Canzoneri ("Canzoneri Decl."). In preparation for these depositions, Plaintiffs spent considerable time preparing for the questioning of the deponents and hired a court reporter, who appeared for the depositions. (*Id.* ¶ 5). For each deponent, Norma Flores and Edgar Jimenez (both as a corporate representative for DayCJ and in his personal capacity as a defendant in this case), Plaintiffs waited until approximately ten minutes after the scheduled start-time before going on the record and commencing the deposition in abstentia. (*Id.* ¶ 7). Further, after the scheduled start-times for all depositions had passed, Plaintiffs e-mailed Defendants to notify them that because DayCJ Plumbing and Mechanical Inc's corporate representatives, and Edgar Jimenez personally, failed to appear for today's depositions, Plaintiffs would be filing a motion to show cause by 5:00 p.m. on August 11, 2023. (*Id.*).

To date, other than the read receipt, Plaintiffs have not had any contact from Defendants since their counsel withdrew from the case. (*Id.*).

## II.     AN ORDER TO SHOW CAUSE IS APPROPRIATE

Defendants should be held in contempt because they have—once again—knowingly violated one of this Court's Orders. Federal Rule of Civil Procedure 37(b)(2) provides, in part, that when a party fails to comply with an order to provide or permit discovery, "the court where the action is pending may issue further just orders" including "treating as contempt of court the failure to obey [the] order." Fed. R. Civ. P. 37(b)(2)(A)(vii). The Court "has broad discretion to hold contempt proceedings." *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-cv-21, 2018 WL 6503510 (E.D. Va. Dec. 11, 2018). The Court may impose sanctions for civil contempt "to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 821 (4th Cir. 2004) (quoting *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995)).

Civil contempt may be found where the movant establishes the following elements by clear and convincing evidence:

> (1) The existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by [his] conduct violated the terms of the decree and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result.

*SDSE Networks, Inc. v. Mathur*, No. 1:22-CV-1024-MSN-IDD, 2022 WL 18135768, at *1 (E.D. Va. Dec. 7, 2022) (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000)).

### A.   DayCJ and Edgar Jimenez are Guilty of Civil Contempt.

All requirements for civil contempt exist in this case. First, the Court's July 28, 2023 Order ("Order") is without any doubt a valid decree. (Dkt. No. 46.) *See, e.g., Colonial Williamsburg Found. v. Kittinger Co.*, 792 F. Supp. 1397, 1406 (E.D. Va. 1992), *aff'd*, 38 F.3d 133 (4th Cir. 1994) (finding discovery order is a valid decree). Further, Defendants had actual or constructive knowledge of the Order. Pursuant to the Order, copies of the same were served on the Defendants

4

at the address provided to the Court by their former legal counsel. *JTH Tax, Inc. v. Lee*, 540 F. Supp. 2d 642, 645 (E.D. Va. 2007) (finding nonmovant "clearly had knowledge of the decree" when the Clerk mailed a copy to the nonmovant upon issuance). Additionally, Plaintiffs included a courtesy copy of the Order with its Notices of Depositions and Subpoenas to Testify which were not only given to a private service processor, but also mailed and e-mailed to Defendants. Plaintiffs received a "read receipt" from Edgar Jimenez on August 2, 2023, showing that he opened and viewed the e-mail from Plaintiffs that contained the Order and the Notices of Depositions and Subpoenas to Testify. (Dkt. No. 48 ¶ 6). Defendants were likewise served the Notices of Depositions and Subpoenas by private process server on August 4, 2023.

Second, the Order was in the Plaintiffs' favor because it required Defendants to appear for depositions noticed by Plaintiffs, as a result of the Court's granting of Plaintiffs' Motion to Compel and Motion for Sanctions. (Dkt. No. 46).

Third, by completely disregarding the Order, Defendants have violated the Order with the requisite knowledge, as established above. Not only does the Order clearly state, "Defendants have until August 1, 2023 to attend any properly noticed depositions," but Plaintiffs' cover letter transmitting the Notices of Depositions and Subpoenas to testify expressly explains to Defendants that, "[p]ursuant to the Court's Order dated July 28, 2023 ("Order"), you are hereby ordered to testify at a deposition on August 11, 2023." (*See* Dkt. No. 46; Exhibit 1). Therefore, Defendants have actual or constructive knowledge that their failure to appear for depositions on August 11, 2023 violated the Court's Order.

Fourth, Plaintiffs have been, and continue to be, harmed by Defendants' failure to comply with the Order. Plaintiffs previously failed to appear for properly noticed depositions and have failed to respond to written discovery. Plaintiffs remain unable to obtain any information from Defendants regarding this lawsuit, as they are entitled to by the Federal Rules of Civil Procedure

5

and the Local Civil Rules. Specifically, Plaintiffs are prejudiced by the inability to take Ms. Flores' and Mr. Jimenez' depositions to understand and probe the facts underlying this case. Consequently, Plaintiffs are unable to prosecute their case against Defendants DayCJ and Edgar Jimenez. *See, e.g.*, *Trustees of Heating, Piping & Refrigeration Pension Fund v. Clean Air Mech., Inc.*, No. CV JKB-17-3690, 2021 WL 5760906, at *2 (D. Md. Dec. 3, 2021) (finding civil contempt appropriate when Defendant "entirely stonewalled" Plaintiffs' discovery efforts); *Certain Underwriters at Lloyd's, London v. AdvanFort Co.*, No. 118CV1421TSETCB, 2020 WL 878298, at *3 (E.D. Va. Feb. 3, 2020), *report and recommendation adopted*, No. 1:18-CV-1421, 2020 WL 877981 (E.D. Va. Feb. 21, 2020) (finding the "suffered harm" element satisfied "because of Defendant's history of noncompliance in this matter, Plaintiffs have had to consistently expend resources in an attempt to secure compliance with this Court's orders."). Furthermore, Plaintiffs continue to incur legal fees in their efforts to hound Defendants to comply with its legal obligations. *See Commonwealth Constr. Co., Inc. v. Redding*, 2016 WL 8671536, at *3 (D. Md. May 6, 2016) (finding Plaintiff suffered, and continues to suffer, harm as a result of Defendant's violations of a discovery order, insofar as Plaintiff continues to incur legal fees in its continued efforts).

Accordingly, Plaintiffs have satisfied the four *Ashcraft* elements, and a *prima facie* case for civil contempt is established.

### B. Monetary Sanctions for DayCJ's and Edgar Jimenez's Contempt are Appropriate.

The Court has broad discretion in determining the appropriate remedy for civil contempt. *JTH Tax, Inc.*, 540 F. Supp. 2d at 647. A district court may impose monetary penalties to coerce compliance or to compensate the moving party for harm incurred because of the nonmoving party's noncompliance, including the movant's attorneys' fees and costs. *See id.*; *In re General Motors*

6

*Corp.*, 61 F.3d at 258; *Buffalo Wings Factory, Inc. v Mohd*, Case No. 1:07-cv-612, 2008 WL 4642163, at *4 (E.D. Va. Oct. 15, 2008). Further, "[t]hese remedies may include a coercive daily fine, a compensatory fine, attorney's fees and expenses, and coercive incarceration." *Harris v. McCarthy*, No. CV JKB-18-3562, 2021 WL 4133859, at *2 (D. Md. Sept. 10, 2021) (internal quotes omitted). Finally, and most pertinent to the instant matter, Default Judgment is an appropriate sanction when there are "numerous failures to comply with the orders of this Court" and "defendant's noncompliance has prejudiced plaintiff by delaying the prosecution of this case." *Johnson v. Robert Shields Interiors, Inc.,* 2016 WL 2739270, at *2 (E.D. Va. May 11, 2016)

Throughout this litigation, Defendants have proved to be completely unwilling to obey the Court's Orders – and to participate in this matter more generally to the detriment of the Plaintiffs ability to prosecute their case. In its most recent Order, this Court warned Defendants that "should they violate this or any previous order in this matter or continue to conduct discovery in bad faith," United States Magistrate Judge Davis may recommend an entry of Default Judgment in favor of the Plaintiffs. (Dkt. No. 46). Indeed, Federal Rule 37(b)(2) authorizes a district court to render default judgment against a disobedient party for failure to obey a discovery order, produce a person for examination, or, generally, prejudice a Plaintiffs' capacity to prosecute their case by failing to participate in the litigation. Under the circumstances set forth herein, and based on the Defendants conduct throughout the course of this litigation, Default Judgment is an appropriate remedy to cure the Defendants' flagrant and repeated violations of the Federal Rules of Civil Procedure and this Court's Orders.

Absent Default Judgment, the contempt sanctions should include a daily fine levied against DayCJ and Edgar Jimenez in an amount sufficient to compel compliance. *See, e.g.*, *AdvanFort Co.*, 2020 WL 878298, at *4 (imposing a *per diem* fine when defendants "history of noncompliance demonstrations that even significant sanctions—money or otherwise—have been ineffective at

7

deterring [d]efendant's unnecessary, unprofessional, and unethical behavior."). Plaintiffs suggest a daily fine in the amount of one hundred dollars ($100.00) to be assessed on DayCJ and Edgar Jimenez each until they purge their contempt by complying with the Court's Orders. *See, e.g.*, *Trustees of Heating, Piping & Refrigeration Pension Fund v. S.E.C. Heating & A/C Mech. Serv.*, LLC, No. 120MC00030AJTIDD, 2021 WL 5865738, at *1 (E.D. Va. Dec. 9, 2021) (imposing $250 per day fine until defendants comply with post-discovery obligations); *AdvanFort Co.*, 2020 WL 877981, at *1 (imposing $1,000 per day fine until defendants complied with underlying order); *Chesapeake Bank v. Berger*, Case No. 4:14-cv-66, 2014 WL 5500872, at *6 (E.D. Va. Oct. 30, 2014) (imposing $450 per day fine until defendants complied with underlying order).

In addition, because Plaintiffs have expended further resources to obtain the Court's intervention to enforce its Order, the Court should require DayCJ and Edgar Jimenez to compensate Plaintiffs for that harm, by paying Plaintiffs reasonable attorney fees and costs associated with this Motion and preparing for the properly noticed depositions.

### III.   CONCLUSION

Defendants have repeatedly failed to comply with lawfully issued subpoenas and now have failed to comply with an order of this Court. Accordingly, Plaintiffs request that Defendants DayCJ Plumbing and Mechanical Inc. and Edgar Jimenez be ordered to show cause as to why they should not be held in contempt, to pay Plaintiffs' reasonable attorney fees and costs incurred in bringing the instant Motion and preparing for the properly noticed depositions, and awarding any such other and further relief as the Court deems appropriate.

Dated: <u>August 11, 2023</u>                                   Respectfully submitted,

                                                          By:         /s/
Jacob N. Szewczyk, (Va. Bar No. 89617)
Andrew Costa-Kelser, *Pro Hac Vice*
Jacqueline C. Canzoneri, *Pro Hac Vice*
**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, NW, Suite 800
Washington, D.C. 20016
Telephone No.: (202) 362-0041
Facsimile No: (202) 362-2640
jszewczyk@odonoghuelaw.com
akelser@odonoghuelaw.com
jcanzoneri@odonoghuelaw.com
*Counsel for the Plaintiff*