# EXHIBIT 1



**O'DONOGHUE & O'DONOGHUE** LLP
EST. 1935

5301 Wisconsin Avenue, NW
Suite 800
Washington, DC 20015
T: 202-362-0041
F: 202-362-2640
www.odonoghuelaw.com

July 28, 2023

**VIA ELECTRONIC
AND REGULAR MAIL**

DayCJ Plumbing & Mechanical Inc.          DayCJ Plumbing & Mechanical Inc.
18201 Pinecroft Ct                        22421Goshen School Road
Gaithersburg, MD 20877                     Gaithersburg, MD 20882

Re:  ***Alan N. Vara, et al., v. Skanska USA Building Inc. D/B/A Skanska, et al.,* Civil
Action No. 1:22-cv-01180**
**NOTICE OF DEPOSITION AND SUBPOENA TO TESTIFY**

Dear Mx. Jimenez and Mx. Flores:

Pursuant to the Court's Order dated July 28, 2023 ("Order"), you are hereby ordered to testify at a deposition on August 11, 2023.  (Docket No. 46).  Accordingly, please find attached Notices of Deposition and Subpoenas to Testify at a Deposition and Produce Documents issued to Edgar Jimenez and Norma Flores, as corporate representatives for DayCJ Plumbing & Mechanical Inc.  In addition, attached is a Notice of Deposition and Subpoena to Testify at a Deposition for Edgar Jimenez to testify in his personal capacity as a defendant in this matter.  Copies were also sent by electronic mail on July 28, 2023.  A copy of the Order is also enclosed.

It always has been my practice to approach discovery as pragmatically as possible; a concept provided in the Federal Rules of Civil Procedure and the Court's Local Rules.  Please let me know if you have any questions or need additional information.

Sincerely,

/s/ Andrew Costa-Kelser
Andrew Costa-Kelser

cc:    ejimenez@daycjplumbing.com
nflores@daycjplumbing.com
daycj.plumbing@yahoo.com

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

| Alan N. Vara, et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   1:22-cv-1180 MSN/IDD |
| Skanska USA Building Inc. D/B/A Skanska, et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Norma Flores, Chief Administrative Officer of Defendant DayCJ Plumbing & Mechanical Inc., with its principal place of business located at 18201 Pinecroft Ct., Gaithersburg, Maryland 20877

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: O'Donoghue & O'Donoghue LLP 5301 Wisconsin Ave, NW, Suite 800 Washington, D.C. 20015 | Date and Time: 08/11/2023 9:00 am |

The deposition will be recorded by this method:   Stenographic means or real time equipment and video.

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  Please see the attachment marked as Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/28/2023

|  CLERK OF COURT | |
| | OR |
| | /s/ Jacob Szeewczyk |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Alan N. Vara, et al.
_____, who issues or requests this subpoena, are:
O'Donoghue & O'Donoghue LLP, 5301 Wisconsin Avenue, NW Suite 800, Washington, D.C. 20015, (T): 202-362-0041;Andrew Costa-Kelser (akelser@odonoghuelaw.com); Jacob Szewczyk (jszewczyk@odonoghuelaw.com); Jacqueline Canzoneri (jcanzoneri@odonoghuelaw.com)

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:22-cv-1180 MSN/IDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ALAN N. VARA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:22-cv-01180 |
| | )                MSN-IDD |
| SKANSKA USA BUILDING INC. D/B/A | ) |
| SKANSKA, et al., | ) |
| | ) |
| Defendants. | ) |

## <u>NOTICE OF DEPOSITION</u>

Plaintiffs, by and through undersigned counsel and pursuant to Rules 30(b)(1), 45, and 69(a)(2) of the Federal Rules of Civil Procedure, hereby notice the deposition of Norma Flores, Chief Administrative Officer of Defendant DayCJ Plumbing & Mechanical Inc., with its principal place of business located at 18201 Pinecroft Ct., Gaithersburg, Maryland 20877, at the time and place that follows:

**August 11 2023 at 9:00 AM**
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave, NW, Suite 800
Washington, D.C. 20015

The deposition will be recorded by stenographic means or real time equipment and video.

Date: July 28th, 2023

By: /s/_____
Jacob N. Szewczyk, Bar No. 89617
Andrew Costa-Kelser, *Pro Hac Vice*
Jacqueline C. Canzoneri, *Pro Hac Vice*
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202) 362-0041
jszewczyk@odonoghuelaw.com
akelser@odonoghuelaw.com
jcanzoneri@odonoghuelaw.com
*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

_____

ALAN N. VARA, et al.,                           )
                                                )
          Plaintiffs,                           )
                                                )
               v.                               ) CIVIL ACTION NO. 1:22-cv-01180
                                                )                MSN-IDD
SKANSKA USA BUILDING INC. D/B/A                 )
SKANSKA, et al.,                                )
                                                )
          Defendants.                           )
_____)

### CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been, this 28th day of July, 2023,

provided to a private process server for service at the following address:

> DayCJ Plumbing & Mechanical Inc.
> 18201 Pinecroft Ct
> Gaithersburg, MD 20877

The foregoing was also served by overnight mail and electronic mail on the following:

DayCJ Plumbing & Mechanical Inc.        ejimenez@daycjplumbing.com
22421Goshen School Road                 nflores@daycjplumbing.com
Gaithersburg, MD 20882                  daycj.plumbing@yahoo.com

By: /s/_____
Jacob N. Szewczyk, Bar No. 89617
Andrew Costa-Kelser, *Pro Hac Vice*
Jacqueline C. Canzoneri, *Pro Hac Vice*
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202) 362-0041
jszewczyk@odonoghuelaw.com
akelser@odonoghuelaw.com
jcanzoneri@odonoghuelaw.com
*Counsel for Plaintiffs*

## EXHIBIT A

## ATTACHMENT TO SUBPOENA

### *DEFINITIONS*

1. "Documents" – The term "documents" as used in these requests means any non-privileged documents or electronically store information, including but not limited to notices, letters, e-mails, contracts, and writings stored in any medium including computers, tablets, videotapes, DVDs, CDs, tapes, mobile phones, or any other medium from which information can be obtained.

2. "Communications" – The term "communications" as used in these requests means the transmittal of information by any means.

3. "You", "your" and "yours" – The terms "you", "your", and "yours" as used in these requests refer to Edgar Jimenez, his agents, attorneys and all other persons acting on his behalf or authorized to produce requested documents.

4. "Work" – The term "work" as used in these requests shall mean the labor performed by Plaintiffs on the Project, as defined below.

5. "Project" – The term "project" as used in these requests refers to the Scotts Run Commercial and Residential Complex in Tysons Corner, Virginia (1800 Chain Bridge Road, Tysons, Virginia 22102).

### *DOCUMENTS FOR PRODUCTION*

1. Any and all documents or communications regarding labor on the Project under any written or oral agreement between Skanska USA Building, Inc., Brother's Mechanical Inc., and DayCJ Plumbing & Mechanical, Inc.

2. Any and all documents or communications regarding payments to Plaintiffs for work performed on the Project, including correspondence between you and Noel Ayala.

3. Any and all documents or communications regarding work performed by the Plaintiffs on the Project.

4. Any and all documents or communications regarding hiring, scheduling, training, and work assignments of Plaintiffs on the Project.

5. Any and all documents or communications regarding hours worked by Plaintiffs on the Project, including, but not limited to, timesheets and daily attendance logs maintained for work performed on the Project.

6. Any and all documents or communications regarding Skanska USA Building, Inc., Brother's Mechanical Inc., DayCJ Plumbing & Mechanical Inc., and Edgar Jimenez' alleged failure to pay Plaintiffs wages owed for work performed on the Project.

7. Any and all documents or communications regarding the organizational structure of DayCJ Plumbing & Mechanical Inc. including the appointment of registered agents.

8. Any and all documents or communications with Plaintiffs regarding their work on the Project.

9. Any and all documents or communications regarding the established wage rate of each Plaintiff.

10. Any and all documents or communications regarding DayCJ Plumbing & Mechanical Inc.'s policy regarding minimum wage and overtime compensation.

11. Any and all personnel files maintained by DayCJ Plumbing & Mechanical Inc. related to each Plaintiff.

12. Any and all documents or communications regarding payments between Skanska and DayCJ Plumbing & Mechanical Inc. related to the Project.

13. Any and all documents or communications regarding payments between Brother's Mechanical Inc. and DayCJ Plumbing & Mechanical, Inc. related to the Project.

### *SUBJECTS OF TESTIMONY*

1. Identification and explanation of all documents produced in response to the Subpoena, as well as an explanation as to why any document requested was not produced.

2. Identification and explanation of the hiring, scheduling, training, and work assignments of Plaintiffs on the Project.

3. Identification and explanation of time, payroll, and attendance records maintained by DayCJ Plumbing & Mechanical Inc.

4. Identification and explanation of any equipment or materials provided to Plaintiffs on the Project.

5. Explanation of the day-to-day operations of the Project.

6. Explanation of your knowledge regarding the application of the federal Fair Labor Standards Act of 1938, the Virginia Wage Payment Act, and the Virginia Overtime Wage Act to the Project.

7. Identification and explanation of the relationship between DayCJ Plumbing & Mechanical Inc. and Brother's Mechanical, Inc. on the project.

8. Identification and explanation of the relationship between DayCJ Plumbing & Mechanical Inc. and Skanska on the project.

## INSTRUCTIONS

1. Please contact Andrew-Costa Kelser or Jacqueline Canzoneri, attorneys for the Plaintiffs, at (202) 362-0041 to discuss the details of this Subpoena.

2. If the return time or location is not convenient, contact Andrew Costa-Kelser or Jacqueline Canzoneri to reschedule the date and/or time for the deposition and production of records.

3. The time period for documents requested by this subpoena is October 1, 2021 to the present.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Virginia

| | |
|---|---|
| Alan N. Vara, et al., | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    1:22-cv-1180 MSN/IDD |
| Skanska USA Building Inc. D/B/A Skanska, et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Edgar Jimenez, President of Defendant DayCJ Plumbing & Mechanical Inc., with its principal place of business located at 18201 Pinecroft Ct., Gaithersburg, Maryland 20877

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:   O'Donoghue & O'Donoghue LLP<br>5301 Wisconsin Ave, NW, Suite 800<br>Washington, D.C. 20015 | Date and Time:<br><br>08/11/2023 10:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic means or real time equipment and video.

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Please see the attachment marked as Exhibit A.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    7/28/2023

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | /s/ Jacob Szewczyk<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Alan N. Vara, et al.
_____, who issues or requests this subpoena, are:
O'Donoghue & O'Donoghue LLP, 5301 Wisconsin Avenue, NW Suite 800, Washington, D.C. 20015, (T): 202-362-0041;Andrew Costa-Kelser (akelser@odonoghuelaw.com); Jacob Szewczyk (jszewczyk@odonoghuelaw.com); Jacqueline Canzoneri (jcanzoneri@odonoghuelaw.com)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:22-cv-1180 MSN/IDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

       I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

      ❐ I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

      $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

      I declare under penalty of perjury that this information is true.

Date: _____

                                             _____
                                                  *Server's signature*

                                           _____
                                              *Printed name and title*

                                           _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ALAN N. VARA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:22-cv-01180 |
| | ) MSN-IDD |
| SKANSKA USA BUILDING INC. D/B/A | ) |
| SKANSKA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>NOTICE OF DEPOSITION</u>

Plaintiffs, by and through undersigned counsel and pursuant to Rules 30(b)(1), 45, and

69(a)(2) of the Federal Rules of Civil Procedure, hereby notice the deposition of Edgar Jimenez,

President of Defendant DayCJ Plumbing & Mechanical Inc., with its principal place of business

located at 18201 Pinecroft Ct., Gaithersburg, Maryland 20877, at the time and place that follows:

> **August 11, 2023 at 10:00 AM**
> O'Donoghue & O'Donoghue LLP
> 5301 Wisconsin Ave, NW, Suite 800
> Washington, D.C. 20015

The deposition will be recorded by stenographic means or real time equipment and

video.

Date: July 28, 2023

By: /s/ _____
Jacob N. Szewczyk, Bar No. 89617
Andrew Costa-Kelser, *Pro Hac Vice*
Jacqueline C. Canzoneri, *Pro Hac Vice*
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202) 362-0041
jszewczyk@odonoghuelaw.com
akelser@odonoghuelaw.com
jcanzoneri@odonoghuelaw.com
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| ALAN N. VARA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:22-cv-01180 |
| | ) MSN-IDD |
| SKANSKA USA BUILDING INC. D/B/A SKANSKA, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been, this 28th day of July, 2023,

provided to a private process server for service at the following address:

DayCJ Plumbing & Mechanical Inc.
18201 Pinecroft Ct
Gaithersburg, MD 20877

The foregoing was also served by overnight mail and electronic mail on the following:

DayCJ Plumbing & Mechanical Inc.          ejimenez@daycjplumbing.com
22421Goshen School Road                    nflores@daycjplumbing.com
Gaithersburg, MD 20882                     daycj.plumbing@yahoo.com

By: /s/_____
Jacob N. Szewczyk, Bar No. 89617
Andrew Costa-Kelser, *Pro Hac Vice*
Jacqueline C. Canzoneri, *Pro Hac Vice*
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202) 362-0041
jszewczyk@odonoghuelaw.com
akelser@odonoghuelaw.com
jcanzoneri@odonoghuelaw.com
*Counsel for Plaintiffs*

**EXHIBIT A**

**ATTACHMENT TO SUBPOENA**

*DEFINITIONS*

1. "Documents" – The term "documents" as used in these requests means any non-privileged documents or electronically store information, including but not limited to notices, letters, e-mails, contracts, and writings stored in any medium including computers, tablets, videotapes, DVDs, CDs, tapes, mobile phones, or any other medium from which information can be obtained.

2. "Communications" – The term "communications" as used in these requests means the transmittal of information by any means.

3. "You", "your" and "yours" – The terms "you", "your", and "yours" as used in these requests refer to Edgar Jimenez, his agents, attorneys and all other persons acting on his behalf or authorized to produce requested documents.

4. "Work" – The term "work" as used in these requests shall mean the labor performed by Plaintiffs on the Project, as defined below.

5. "Project" – The term "project" as used in these requests refers to the Scotts Run Commercial and Residential Complex in Tysons Corner, Virginia (1800 Chain Bridge Road, Tysons, Virginia 22102).

*DOCUMENTS FOR PRODUCTION*

1. Any and all documents or communications regarding labor on the Project under any written or oral agreement between Skanska USA Building, Inc., Brother's Mechanical Inc., and DayCJ Plumbing & Mechanical, Inc.

2.  Any and all documents or communications regarding payments to Plaintiffs for work performed on the Project.

3.  Any and all documents or communications regarding work performed by the Plaintiffs on the Project.

4.  Any and all documents or communications regarding hiring, scheduling, training, and work assignments of Plaintiffs on the Project.

5.  Any and all documents or communications regarding hours worked by Plaintiffs on the Project, including, but not limited to, timesheets and daily attendance logs maintained for work performed on the Project.

6.  Any and all documents or communications regarding Skanska USA Building, Inc., Brother's Mechanical Inc., DayCJ Plumbing & Mechanical Inc., and Edgar Jimenez' alleged failure to pay Plaintiffs wages owed for work performed on the Project.

7.  Any and all documents or communications regarding the organizational structure of DayCJ Plumbing & Mechanical Inc., including the appointment of registered agents.

8.  Any and all documents or communications with Plaintiffs regarding their work on the Project.

9.  Any and all documents or communications regarding the established wage rate of each Plaintiff.

10. Any and all documents or communications regarding DayCJ Plumbing & Mechanical Inc.'s policy regarding minimum wage and overtime compensation.

11. Any and all personnel files maintained by DayCJ Plumbing & Mechanical Inc. related to each Plaintiff.

12. Any and all documents or communications regarding payments between Skanska and DayCJ Plumbing & Mechanical Inc. related to the project.

13. Any and all documents or communications regarding payments between Brother's Mechanical Inc. and DayCJ Plumbing & Mechanical, Inc. related to the project.

### *SUBJECTS OF TESTIMONY*

1. Identification and explanation of all documents produced in response to the Subpoena, as well as an explanation as to why any document requested was not produced.

2. Identification and explanation of the hiring, scheduling, training, and work assignments of Plaintiffs on the Project.

3. Identification and explanation of time, payroll, and attendance records maintained by DayCJ Plumbing & Mechanical Inc.

4. Identification and explanation of any equipment or materials provided to Plaintiffs on the Project.

5. Explanation of the day-to-day operations of the Project.

6. Explanation of your knowledge regarding the application of the federal Fair Labor Standards Act of 1938, the Virginia Wage Payment Act, and the Virginia Overtime Wage Act to the Project.

7. Identification and explanation of the relationship between DayCJ Plumbing & Mechanical Inc. and Brother's Mechanical Inc. on the Project.

8. Identification and explanation of the relationship between DayCJ Plumbing & Mechanical Inc. and Brother's Mechanical Inc. on the Project.

## INSTRUCTIONS

1. Please contact Andrew-Costa Kelser or Jacqueline Canzoneri, attorneys for the Plaintiffs, at (202) 362-0041 to discuss the details of this Subpoena.

2. If the return time or location is not convenient, contact Andrew Costa-Kelser or Jacqueline Canzoneri to reschedule the date and/or time for the deposition and production of records.

3. The time period for documents requested by this subpoena is October 1, 2021 to the present.

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

## for the

### Eastern District of Virginia

| | |
|---|---|
| Alan N. Vara, et al., | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Skanska USA Building Inc. D/B/A Skanska, et al., | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.  1:22-cv-1180 MSN/IDD

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                          Edgar Jimenez

_____
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place:  O'Donoghue & O'Donoghue LLP<br>5301 Wisconsin Ave, NW, Suite 800<br>Washington, D.C. 20015 | Date and Time:<br>08/11/2023 11:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic means or real time equipment and video.

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/28/2023

_____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | /s/ Jacob Szeewczyk |
| _Signature of Clerk or Deputy Clerk_ | _____<br>_Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Alan N. Vara, et al.
_____, who issues or requests this subpoena, are:
O'Donoghue & O'Donoghue LLP, 5301 Wisconsin Avenue, NW Suite 800, Washington, D.C. 20015, (T): 202-362-0041;Andrew Costa-Kelser (akelser@odonoghuelaw.com); Jacob Szewczyk (jszewczyk@odonoghuelaw.com); Jacqueline Canzoneri (jcanzoneri@odonoghuelaw.com)

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  1:22-cv-1180 MSN/IDD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                                        _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*

                                        _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**
    **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

    **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) Claiming Privilege or Protection.**
    **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ALAN N. VARA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:22-cv-01180 |
| | ) MSN-IDD |
| SKANSKA USA BUILDING INC. D/B/A SKANSKA, et al., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF DEPOSITION

Plaintiffs, by and through undersigned counsel and pursuant to Rules 30(b)(1), 45, and 69(a)(2) of the Federal Rules of Civil Procedure, hereby notice the deposition of Edgar Jimenez, at the time and place that follows:

**August 11, 2023 at 11:00 AM**
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave, NW, Suite 800
Washington, D.C. 20015

The deposition will be recorded by stenographic means or real time equipment and video.

Date: July 28th, 2023

By:  /s/_____
Jacob N. Szewczyk, Bar No. 89617
Andrew Costa-Kelser, *Pro Hac Vice*
Jacqueline C. Canzoneri, *Pro Hac Vice*
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202) 362-0041
jszewczyk@odonoghuelaw.com
akelser@odonoghuelaw.com
jcanzoneri@odonoghuelaw.com
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

_____

ALAN N. VARA, et al.,               )
                               )
       Plaintiffs,            )
                               )
       v.                 ) CIVIL ACTION NO. 1:22-cv-01180
                               )               MSN-IDD
SKANSKA USA BUILDING INC. D/B/A  )
SKANSKA, et al.,             )
                               )
       Defendants.         )
_____)

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a copy of the foregoing has been, this 28th day of July, 2023,

provided to a private process server for service at the following address:

DayCJ Plumbing & Mechanical Inc.
18201 Pinecroft Ct
Gaithersburg, MD 20877

The foregoing was also served by overnight mail and electronic mail on the following:

DayCJ Plumbing & Mechanical Inc.     ejimenez@daycjplumbing.com
22421Goshen School Road           nflores@daycjplumbing.com
Gaithersburg, MD 20882              daycj.plumbing@yahoo.com

By: /s/_____
Jacob N. Szewczyk, Bar No. 89617
Andrew Costa-Kelser, *Pro Hac Vice*
Jacqueline C. Canzoneri, *Pro Hac Vice*
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Ave., NW, Suite 800
Washington, DC 20015
Telephone No.: (202) 362-0041
jszewczyk@odonoghuelaw.com
akelser@odonoghuelaw.com
jcanzoneri@odonoghuelaw.com
*Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| ALAN VARA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-1180 MSN/IDD |
| | ) | |
| SKANSA USA BUILDING, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## **ORDER**

FOR REASONS stated from the bench and in accord with specific rulings and instructions thereto, it is hereby

ORDERED that the Plaintiffs' Motion to Compel Depositions of DayCJ Plumbing & Mechanical Inc.'s Representatives and For Sanctions is **GRANTED**. Defendants have until August 11, 2023 to attend any properly noticed depositions. It is further

ORDERED Defendant DayCJ Plumbing & Mechanical, Inc. pay $4,948.10 in attorney fees to Plaintiffs. It is further

ORDERED that Defendant DAYCJ Plumbing & Mechanical, Inc. show cause for its failure to respond to this Court's July 18, 2023 Order. It is further

ORDERED that Defendant Edgar Jiminez show cause for his failure to respond to this Court's July 18, 2023 Order. It is further

ORDERED that Defendants have until Wednesday, August 2, 2023 to respond to this Order. The Court will hold a show cause hearing on August 4, 2023 at 10 a.m.

The Court warns the Defendants that should they violate this or any previous order in this matter or continue to conduct discovery in bad faith, the undersigned may recommend that the District

Judge enter a Default Judgment in favor of Plaintiffs.

ENTERED this 28th day of July 2023.

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

Alexandria, Virginia