UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| ALAN N. VARA, et al.,<br>   *Plaintiffs,*<br><br>   v.<br><br>SKANSKA USA BUILDING INC. D/B/A<br>SKANSKA, et al.,<br>   *Defendants.* | Case Number 1:22-cv-1180 (MSN/IDD) |

### ORDER

  This matter comes before the Court on Plaintiffs' partial objection under Rule 72(b) to Magistrate Judge Davis's Report and Recommendation (ECF 67, or "Report") granting Plaintiffs default judgment against Defendants DayCJ Mechanical, Inc. and Edgar Jimenez. *See* ECF 68. The Report recommended entry of default judgment in favor of Plaintiffs and against DayCJ on Count I, violations of the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 ("VWPA"), and against DayCJ and Jimenez on Count II, violations of the Virginia Overtime Wage Act, Va. Code Ann. § 40.1-29.2 ("VOWA"). Plaintiffs object solely to the Report's recommendation not to impose joint and several liability on Defendant Jimenez for Count I, violations of the VWPA.[1]

  Under Rule 72(b), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." The Court has considered Plaintiffs' objection and finds that oral argument would not materially aid the decisional process. Because the VWPA does not apply joint liability to an employer's individual corporate officers, Plaintiffs cannot establish

---

[1] Pursuant to Rule 72(b)(2), the deadline to submit any objections to Judge Davis's Report was June 14, 2024. Because no other objections have been filed, the Court embraces the remainder of Judge Davis's analysis without reservation.

1

that Jimenez, the President of DayCJ (Compl. ¶ 7), is jointly liable with DayCJ for the VWPA violations in Count I. Magistrate Judge Davis's Report will therefore be adopted in full.

Plaintiffs brought this suit for unpaid wages against Defendants Skanska USA Building, Inc., Brother's Mechanical, Inc., DayCJ, and Edgar Jimenez. Plaintiffs and Defendants Skanska and Brother's Mechanical reached a settlement under the Federal Fair Labor Standards Act ("FLSA"), which this Court approved on June 7, 2023. After that settlement, DayCJ and Jimenez are the only remaining Defendants in this action. They repeatedly failed to follow this Court's orders, appear at scheduled hearings, or otherwise continue to defend this action, which led to Magistrate Judge Davis's recommendation that default judgment be entered against DayCJ and Jimenez. In supplemental briefing prior to Magistrate Judge Davis's issuance of the Report, Plaintiffs clarified that they only sought damages under Count I (the VWPA claims) and Count II (the VOWA claims), less any amount already received through the settlement agreement with Skanska and Brother's Mechanical. While the Report recommended that default judgment be entered in Plaintiffs' favor on both Counts, it only recommended that Jimenez be jointly and severally liable as to Count II (the VOWA claims), but not Count I (the VWPA claims).

The VWPA does not provide for joint liability of the corporate officers of an employer. The statute defines "employer" to mean "an individual, partnership, association, corporation, [or] legal representative … doing business in or operating within this Commonwealth who employs another to work for wages, salaries, or on commission *and shall include any similar entity acting directly or indirectly in the interest of an employer in relation to an employee*." Va. Code Ann. § 40.1-2. Notably, while the FLSA defines an "employer" to include "any *person* acting directly or indirectly in the interest of an employer in relation to an employee" (29 U.S.C. § 203(d)), which courts have understood to impose joint liability upon individual corporate officers in certain

2

circumstances, the VWPA uses "a narrower definition" by instead imposing joint liability only upon an "entity"—rather than a "person"—in such circumstances. *Cornell v. Benedict*, 201 Va. 342, 351 (2022). Because of this "conspicuous difference," the Supreme Court of Virginia has held that the Virginia General Assembly "intended to omit individuals from joint employer liability for unpaid wages under [VWPA]." *Id.* Consistent with that holding, two other courts in this district have rejected joint liability to individual corporate officers under circumstances like those here. *See Hudson v. Dunn*, 2024 WL 2870845, at *11-12 (E.D. Va. Mar. 15, 2024); *Senteno v. Jung*, 2024 WL 717067, at *4 (E.D. Va. Jan. 26, 2024).

Perhaps recognizing that *Cornell* forecloses any argument that the VWPA provides that Jimenez is jointly liable, Plaintiffs argue instead that Jimenez is jointly liable for DayCJ's VWPA violations under a *different* statute: Va. Code Ann. § 11-4.6. That statute creates an implied provision in any construction contract between a general contractor and subcontractor that requires the "general contractor, its subcontractor, and the subcontractor at any lower tier" to be "jointly and severally liable to pay the employees of any subcontractor at any lower tier." *Id.* § 11-4.6(B) (effective July 1, 2022 to December 31, 2022).[2] And because that statute defines a "subcontractor" to include, among other things, certain "*persons* furnishing materials, who do not contract with the owner but with the general contractor" (Va. Code Ann. § 43-1 (emphasis added)), Plaintiffs argue that Jimenez "is a subcontractor and can be jointly and severally liable as a subcontractor" (ECF 68 at 7).

---

[2] The statute was amended effective January 1, 2023, and again effective July 1, 2023. Plaintiffs argue that the applicable version of the statute is the one in effect when they filed their complaint on October 18, 2022. The Court assumes for purposes of this analysis that Plaintiffs are correct on this point. The Court's conclusion would not change if the current version were applicable because, as Magistrate Judge Davis found, Jimenez could not individually be considered a "subcontractor" under the now-operative version of Va. Code Ann. § 11-4.6 because it defines a "subcontractor" as an "entity" rather than a "person." *See* Report at 15 (citing Va. Code Ann. §§ 11-4.6(A), 2.2-4347).

Plaintiffs' argument misses the mark. Section 11-4.6, entitled "Liability of contractor for wages of subcontractor's employees," is intended to impose joint liability upon the *general contractor* for the subcontractor's failure to pay wages appropriately. *See* Va. Code Ann. § 11-4.6(B) (effective July 1, 2022 to December 31, 2022). It does not speak to whether an individual corporate officer of a subcontractor, like Jimenez, can be jointly liable for the subcontractor's failure to pay wages appropriately. If anything, the statutory text suggests just the opposite—an intention to respect the VWPA's rejection of joint liability for individual corporate officers. Section 11-4.6(B) provides that a general contractor is jointly and severally liable for the amount "any lower tier subcontractor is required to pay to its employees under the provisions of applicable law, including the provisions of the Virginia Minimum Wage Act … and the federal Fair Labor Standards Act." Notably absent, however, is any mention of the VWPA.

Because Section 11-4.6 does not alter the VWPA's rejection of joint liability for individual corporate officers, Jimenez cannot be liable under Count I.

Accordingly, it is hereby

**ORDERED** that Plaintiffs' partial objection (ECF 68) is **DENIED**; and it is further

**ORDERED** that the Report is **APPROVED** and **ADOPTED** in full; and it is further

**ORDERED** that default judgment be entered in favor of Plaintiffs and against Defendant DayCJ Plumbing & Mechanical Inc. on Count I; and it is further

**ORDERED** that default judgment be entered in favor of Plaintiffs and against Defendants DayCJ Plumbing & Mechanical Inc. and Edgar Jimenez on Count II; and it is further

**ORDERED** that all other remaining claims be dismissed with prejudice; and it is further

**ORDERED** that DayCJ Plumbing & Mechanical Inc. is liable to Plaintiffs in the amount of $33,276.00 pursuant to Count I, and that DayCJ Plumbing & Mechanical Inc. and Edgar

Jimenez are jointly and severally liable to Plaintiffs in the amount of $66,552.75 pursuant to Count II; and it is further

**ORDERED** that Plaintiffs are awarded attorneys' fees and costs in the amount of $15,191.10.

The Clerk is directed to enter judgment as set forth above pursuant to Rule 55 and to close this civil action.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

June 25, 2024
Alexandria, Virginia